IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Alfred Outen, III,<br><br>Defendant. | Cr. No. 3:09-826-CMC<br><br>**Opinion and Order** |

On June 16, 2016, Defendant filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 1361. The Government filed a motion to dismiss and a memorandum in support/response in opposition to Defendant's § 2255 motion. ECF No. 1388. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the response procedure and the consequences if he failed to respond. ECF No. 1389. The Government filed additional attachments to its motion to dismiss on July 28, 2016. ECF No. 1394. Defendant wrote a letter to the court, inquiring as to the reason for the *Roseboro* order, as he did not know "why the Government filed this motion against me." ECF No. 1400. The Clerk of Court responded by letter, noting the *Roseboro* order was sent because the Government filed a motion to dismiss his § 2255 motion. ECF No. 1401. Defendant did not file a response, and the time to do so has expired.

**I.   Background**

On February 8, 2009, Defendant entered into a written plea agreement to plead guilty to counts 1 and 13 of the Superseding Indictment: conspiracy to possess with intent to distribute cocaine and cocaine base, and possession of a firearm during and in connection with a drug

trafficking crime, respectively. ECF No. 618. As a part of the plea agreement, one Information pursuant to 21 U.S.C. § 851 was dropped, and Defendant waived his right to file a motion for relief under § 2255 except as to claims of ineffective assistance of counsel and/or prosecutorial misconduct. Thereafter, Defendant appeared before this court and pled guilty. ECF No. 626.

A Pre-Sentence Report (PSR) concluded Defendant had two prior felony convictions for controlled substance offenses: a 2001 conviction for possession with intent to distribute crack cocaine, and a 2003 conviction for possession with intent to distribute crack cocaine.[1] ECF No. 857 ¶¶ 55, 61. Therefore, he was classified as a career offender pursuant to U.S.S.G. §4B1.1(b). Defendant's guideline range for count 1 was 262-327 months, with a six month consecutive sentence required for count 13.

On July 13, 2010, Defendant appeared for sentencing. ECF No. 852. The court sentenced Defendant to 322 months imprisonment, consisting of 262 months on count 1 and 60 months on count 13, to be served consecutively. ECF No. 854.

## II. *Johnson* and *Beckles*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA

---

[1] Defendant had also been previously convicted of failure to stop for a blue light; however, this conviction was not considered by the Probation Officer as a predicate offense for career offender status. *Id.* at ¶ 54.

residual clause can no longer support a defendant's classification as an armed career criminal.  On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 580 U.S. __, 137 S.Ct. 886, 890 (2017).   Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing guidelines[2] is not void for vagueness.  *Id.* at 892.

### III.     Discussion

Defendant has two predicate convictions that qualify him for the career offender enhancement, and both are controlled substance offenses.  *Johnson* and *Welch* deal with the ACCA's definition of violent felony, and *Beckles* concerns the career offender guideline's definition of crime of violence.  None of these cases address predicate convictions based on drug offenses.  Accordingly, Defendant has two qualifying predicate drug offenses for the career offender enhancement and is not entitled to relief.

Further, because *Johnson* and *Beckles* do not apply to Defendant's case, his motion is untimely.  A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applies. If *Johnson*, made retroactive by *Welch*, applies, Defendant could potentially utilize the statute of limitations in § 2255(f)(3). However, if *Johnson* does not apply, his § 2255 motion is untimely, as it was filed over a year after his conviction became final.[3] The court has determined that Defendant does not have a valid *Johnson* claim because *Johnson* did not impact the use of previous drug offenses as career offender predicate convictions. Therefore, his motion under § 2255 is untimely, as it does not meet the requirements of § 2255(f)(3).

### IV. Conclusion

Defendant's challenge to his career offender status fails because Defendant has two prior convictions for controlled substance offenses, which are unaffected by *Johnson* or *Beckles*. The Government's motion to dismiss is granted and Defendant's § 2255 motion is hereby dismissed.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[3] Defendant's conviction became final in 2010.

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
May 25, 2017

5