IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:09-826-05-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Alfred Outen, III, Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Relief Under First Step Act of 2018. ECF No. 1518. The Federal Public Defender entered the case and filed an additional motion. ECF No. 1552. The Government filed a Response in Opposition. ECF No. 1546. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1536.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 367), Defendant's Plea Agreement (ECF No. 618), Transcript of Rule 11 hearing (ECF No. 1635), and PreSentence Report ("PSR") (ECF No. 1536-1), and concludes that Defendant is not eligible for relief under the First Step Act.

## BACKGROUND

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 367 at 2. Defendant was also charged in Counts 11 (attempt to possess with intent to distribute 500 grams or more of cocaine), 12 (felon in possession of a firearm), 13 (a violation of § 924(c)), 19 (possession with intent to distribute a quantity of cocaine), 20 (possession with intent to distribute 5 grams or more of cocaine base), and 36-38 (three counts of use of a communication facility, a telephone, to facilitate the commission of a felony under the Controlled Substances Act). *Id.* at 5-11.

Defendant thereafter entered into a Plea Agreement that provided for a plea to Counts 1 and 13:

> The Defendant agrees to plead guilty to Count 1 and 13 of the Superseding Indictment now pending, which charges (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of "crack" cocaine, a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A); and (2) possession of a firearm during and in connection with a drug trafficking crime, a violation of Title 18, United States Code, Section 924(c).
>
> In order to sustain its burden of proof as to this offense, the Government is required to prove the following:
>
> <u>Count 1</u>
>
> A. The conspiracy was knowingly and willfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
> B. The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
> C. The defendant distributed 50 grams of "crack" cocaine and 5 kilograms or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to and within the scope of the defendant's agreement.

Possible Penalties for 21 U.S.C. § 846

A mandatory term of life, a maximum fine of $8 million dollars, a term of supervised release of 10 years and a $100.00 special assessment.[1]

Count 13

    A. The Defendant was engaged in illegal drug trafficking;
    B. The Defendant possessed a firearm; and
    C. The firearm was connected to and was designed to further the Defendant's drug trafficking in some way.

Possible Penalties for 18 U.S.C. § 924(c)

A minimum sentence of five years and a maximum sentence of life to be served consecutively to any other sentence, a maximum fine of $250,000, a term of supervised release of not more than five years and a $100.00 special assessment.

ECF No. 618 at 1-2.

At the Rule 11 hearing, the court advised Defendant:

And in Mr. Outen's case, you are proposing to plead guilty to two counts, counts one and 13. The count one is the full conspiracy, that is, the conspiracy to possess with intent to distribute and to distribute five kilos or more of cocaine and 50 grams or more of crack. . . . As to the conspiracy charge, I've already explained what they would have to prove on that to several others. In your instance they would have to be able to prove the higher drug amount, that is the 50 grams or more of crack and five kilos or more of powder. If they were able to prove that or if you plead guilty you will face, because of your prior felony drug convictions, a mandatory term of life without parole, a maximum fine of $8 million, a term of supervised release of 10 years and a $100 special assessment.
The Defendant: Yes.

ECF No. 1635 at 21-22.

---

[1] Defendant's statutory mandatory sentence was enhanced based on three prior felony drug convictions. 21 U.S.C. § 851; ECF No. 457.

3

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant

> became involved in this conspiracy at least sometime in 2008. Mr. Outen specifically with the FBI getting information about his drug trafficking for some times from different cooperating defendants. He particularly came to our attention on October 20, 2008 when Mr. Outen and Mr. Harvey Rickard attempted to purchase one kilogram of cocaine from a confidential informant working for the Richland County Sheriff's Department.
> During the course of that transaction the informant and the sheriff's department actually did deliver a kilogram of cocaine to Mr. Outen and Mr. Rickard and Mr. Outen and Mr. Rickard brought approximately $23,000 to purchase the cocaine. Right after the cocaine was delivered they were then both arrested by deputies. Upon the arrest the deputies found Mr. Outen was in possession of a semi-automatic pistol in his waist band he actually had during the course of this drug deal that he was carrying when they went to buy and buying the kilogram of cocaine, which is the basis for count 13 of the indict, 924(c) charge.
> After that Mr. Outen was released on bond. The FBI intercepted some phone calls I believe on -- a couple of phone calls on Tarrel Lide's phone between Mr. Outen and Mr. Lide involving Mr. Lide obtaining some crack cocaine from Mr. Outen. Then we did not hear from Mr. Outen again for some time until the FBI began conducting wiretaps over cell phones used by Martin Gomez Jaimez and Israel Delgado, who are Mexican suppliers who are defendants before Judge Anderson.
> During the course of that in January we started intercepting phone calls, he began getting phone calls from an individual on the phone who was buying half kilogram and kilogram quantities of cocaine and going by the name of Cheese. Ultimately through the investigation we figured out, determined Cheese in fact was Mr. Outen. We actually followed him on least one occasion when he went over to buy some cocaine from Mr. Martin Gomez Jaimez and then took it back to the apartment complex in Columbia where Mr. Outen would frequently go.
> We intercepted numerous wire calls between Mr. Outen and Israel Delgado and also Martin Gomez Jaimez, who are two separate Mexican suppliers who at one time began working together and had split and Mr. Alfred Alvarez was going to both of them to get half kilo and kilo quantities of cocaine that he would come back and convert most of it into crack cocaine and sell it.
> Then our wiretaps stopped March 27, 2009 when we arrested several of the individuals of the suppliers of that group. Mr. Outen continued to deal in cocaine. However who his supplier was at that time I did not specifically know.
> On April 10, 2009 Mr. Outen and an unindicted codefendant Emanuel Patrick ran from the Richland County Sheriff's Department in a high speed chase. Ultimately

4

Mr. Outen was apprehended and found in possession of 118 grams of powder cocaine. Mr. Outen was again released on bond. He was released on bond from the kilo reversal. Mr. Outen continued to sell drugs with several of the people involved in this indictment, including Ricardo Simmons, Franklin Tucker and others.

Then on July 29, 2009 there was a bench warrant out for Mr. Outen's arrest. Richland County narcotics agents and deputies attempted to stop him. Again Mr. Outen fled and another high speed chase ensued. He jumped out of the car and ran and the K9 did bite him to get him to stop. When he stopped they saw him throw down and recovered approximately 49 grams of crack cocaine. After that point in time Mr. Outen has been in jail ever since until indicted on this federal charge.

During the course of this conspiracy Mr. Outen himself distributed well over 50 grams of crack cocaine. He did receive and obtain at least five kilograms of powder cocaine during the course of the conspiracy based on the cocaine he was obtaining from his Mexican suppliers. However, even if he believes it was not a total of five kilograms he himself, it was definitely reasonably foreseeable for him to believe it was because the Mexicans he was dealing with were getting over five kilos of cocaine, get five, ten and 20 kilograms of cocaine at a time and he contacted them on numerous occasions and knew how much cocaine he was getting. So we do believe the evidence supports that he did himself distribute more than five. But in the event that it doesn't support that it was reasonably foreseeable to him during the course of this conspiracy that it was more than five kilograms of cocaine.

*Id.* at 37-41.

Thereafter the court inquired of Defendant as follows:

The court: The first thing I'm going to ask you is do you admit that you were involved in this drug conspiracy?
The Defendant: Yes, ma'am.
The court: So you were a coconspirator.
The Defendant: Yes, ma'am.
The court: Okay. Do you admit that you knew it was an unlawful conspiracy?
Defendant: Yes, ma'am.
The court: And do you admit that during the course of your involvement you personally distributed 50 grams or more of crack?
The Defendant: Yes, ma'am.
The court: And do you admit that it was reasonably foreseeable to you that others who were in the conspiracy would distribute five kilos or more of cocaine?
The Defendant: Not with the issue of that, right. Just because every time I call that supplier he supplied me with what I wanted doesn't mean that I knew that he had more than five kilos.

5

> The court: Okay.
> The Defendant: I didn't know that – I never seen those people with five kilos.
> The court: I understand.
> The Defendant: Every time I called them they had what I wanted.
> The court: Right.
> The Defendant: How can he say that I knew that they have more than five kilos? I didn't know the shipments they were getting. I didn't know what they was getting.
> The court: We're not talking about actual knowledge here, Mr. Outen. We're talking about what would be reasonably foreseeable for you to understand. If you on more than one occasion called people and you can order up to a kilo here and a kilo there, and the kilos that you ordered don't in your view total five, okay? but you understand that you are not their only customer?
> The Defendant: Right.
> The court: So they have got to be selling other kilos to other people. It's reasonably foreseeable to you they are doing so. Then is it reasonably foreseeable to you that over the course of this conspiracy that other people involved in the conspiracy dealt in over five kilos of powder? That's all we're asking you.
> The Defendant: Yes.
> The court: Okay. Do you understand that?
> The Defendant: Yes.
> . . .
> The court: All right. Then how do you wish to plead to count one and count 13 of the superseding indictment, not guilty or guilty?
> The Defendant: Guilty.

*Id.* at 41-43.

## ANALYSIS

Under the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense" – *i.e.*, a "violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, . . . that was committed before August 3, 2010." Because sections 2 and 3 of the Fair Sentencing Act have no effect on the statutory penalty for Defendant's offense of conspiring to possess with intent to distribute both five kilograms or more of cocaine <u>and</u> 50 grams or more of cocaine base,

6

a violation of 21 U.S.C. §§ 846, 841 (b)(1)(A), Count 1 is not a covered offense eligible for First Step Act relief.  Section 2 of the Fair Sentencing Act amended the threshold cocaine base amounts triggering §§841(b)(1)(A) and (B)'s penalties, amending § 841(b)(1)(A)(iii) "by striking '50 grams' and inserting '280 grams,'" and amending § 841(b)(1)(B)(iii) "by striking '5 grams' and inserting '28 grams.'"" Fair Sentencing Act, § 2, Pub. L. No. 111-220, 124 Stat. 2372.  Section 3 of the Fair Sentencing Act eliminated the mandatory minimum sentence for simple possession.  Fair Sentencing Act, § 3, Pub. L. No. 111-220, 124 Stat. 2372.  Neither section altered the statutory penalties for offenses involving powder cocaine.

Both before and after the effective date of sections 2 and 3 of the Fair Sentencing Act, the statutory penalty for Defendant's offense of conviction in Count 1 is Life imprisonment pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A), and 851.  Regardless of whether Defendant's cocaine base amount still triggers his original statutory penalty range, five kilograms or more of powder cocaine does.[2] The statutory penalty for conspiracy to distribute five kilograms or more of cocaine given Defendant's prior felony drug convictions remains Life imprisonment.

Congress, in enacting § 404 of the First Step Act in 2018, was concerned about a particular class of defendants – those whose statutory penalties for cocaine base would have been lower but for the fortuity they were sentenced before August 3, 2010, and therefore could not take advantage of the Fair Sentencing Act.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012) (concluding

---

[2] The Fair Sentencing Act could have retroactively decriminalized cocaine base but even that would have had no effect on Defendant's statutory penalty.

the Fair Sentencing Act's more lenient penalty provisions apply to defendants sentenced after August 3, 2010, whether or not their crimes were committed before that date). Defendants sentenced today for the same offense Defendant committed face the same statutory penalty range Defendant faced. Granting Defendant a sentence unavailable to defendants charged and sentenced today would turn the First Step Act's goal on its head.

The court denies Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five kilograms or more of cocaine <u>and</u> 50 grams or more of cocaine base. He admitted he distributed 50 grams or more of cocaine base during the conspiracy, and that he agreed it was reasonably foreseeable to him that others in the conspiracy were selling over five kilograms of cocaine. ECF No. 1635 at 42. His statutory penalty was not therefore controlled by his guilty plea to conspiracy involving 50 grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute five kilograms or more of cocaine, his statutory penalty range was Life imprisonment, independent of the penalty applicable to conspiracy to distribute cocaine base.[3]

---

[3] *United States v. Juan Mendoza*, __ F. App'x __, 2019 WL 4051965, at *1, (4th Cir. Aug. 28, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana), *aff'g* 2019 WL 1593998 (D.S.C. Apr. 15, 2019); *United States v. Westbrook*, __ F. App'x __, 2019 WL 3991466, at *1 (4th Cir. Aug. 23, 2019) (affirming district court's denial of First Step Act motion where defendant pled guilty to conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base), *aff'g* 2019 WL 1542571 (D.S.C. April 9, 2019); *United States v. Spencer*, Cr. No. 07-174, 2019 WL 3369794, at *2 (D. Minn. July 26, 2019) ("Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not

8

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before the passage of the Fair Sentencing Act. Persons whose statutory ranges were not affected by such disparities are not eligible for relief. That is what happened here.

Accordingly, for reasons set forth above, Defendant's Motions for Relief Under First Step Act (ECF Nos. 1518, 1552) are denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 21, 2019

---

"covered offenses" under the First Step Act."); *United States v. Smith*, No. 8:02-cr-448, 2019 WL 2330482, at *1 (M.D. Fla. May 31, 2019); *United States v. Jones*, Cr. No. 94-0067, 2019 WL 1560879, at *2 S.D. Ala. April 9, 2019). *But see United States v. Medina*, No. 3:05-cv-58, 2019 WL 3766392, at * 2 (D. Conn. Aug. 8, 2019); *United States v. Mack*, Crim. No. 00-323, 2019 WL 3297495, at *11-13 (D.N.J. July 23, 2019).